UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 3336**

**JUDGE ROBINSON**

———————————————————x

LAWRENCE BURLEY and FRANKLYN JACKSON,

                    Plaintiffs,

-against-

THE CITY OF NEWBURG, POLICE OFFICER ROBERT VASTA, POLICE OFFICER NICHOLAS CARDINALE and UNKNOWN POLICE OFFICERS 1-5,

                    Defendants.
———————————————————x

Case No.

**COMPLAINT**

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiffs against police officers of the City of Newburgh Police Department, who unlawfully arrested them, subjected them to excessive force during the course of that arrest, and who initiated and encouraged a baseless criminal prosecution against them, and against the City of Newburgh, as the supervisory body responsible for the conduct of the named defendants and for its failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct. The City of Newburgh is sued as a person under 42 U.S.C. Section 1983.

## JURISDICTION

2. This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the Fourth Amendment to the Constitution of the United States. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1334.

## PARTIES

3. At all times relevant to the allegations of this complaint, plaintiffs Lawrence Burley and Franklyn Jackson are individuals residing in the County of Orange, State of New York.

4. At all times relevant to the allegations of this complaint, defendants Robert Vasta, Nicholas Cardinale, and Unknown Police Officers 1-5 ("defendant police officers") were employed by the City of Newburgh Police Department to perform duties in the City of Newburgh.

5. At all times relevant, defendant police officers above-named were acting in the capacity of agents, servants and employees of defendant City of Newburgh and are sued individually and in their official capacities.

6. At all times relevant, defendant City of Newburgh was a municipal corporation duly formed under the laws of New York State, and was the employer and supervisor of defendant police officers. As such, it was responsible for defendants' training, supervision and conduct. It was also responsible, under law, for enforcing the regulations of the City of Newburgh Police Department and for ensuring that City of Newburgh police personnel obey the laws of the State of New York and of the United States.

2

7. At all times relevant hereto and in all their actions described herein, defendant police officers were acting under color of law and pursuant to their authority as police personnel.

## COMMON FACTUAL ALLEGATIONS

8. In the early morning hours of March 11, 2005, plaintiff Lawrence Burley received a telephone call from his wife. There had apparently been a shooting at his home in the City of Newburgh, and his sister-in-law had been injured. There were no other reports of injuries, but Mrs. Burley asked her husband to go to the house and make sure that the children were safe.

9. Plaintiffs Lawrence Burley and Franklyn Jackson drove to Mr. Burley's residence and found many police and emergency vehicles in front of the residence. There were, however, no people in the cars or in front of the house.

## FACTUAL ALLEGATIONS FOR
## LAWRENCE BURLEY'S CAUSES OF ACTION

10. Plaintiff Lawrence Burley entered his residence and found it empty except for the injured woman (his sister-in-law), who was being treated in one of the bedrooms by emergency medical technicians. Mr. Burley was told that his four children were in a bedroom across the hall.

11. Mr. Burley went to the bedroom and found his four children unharmed. He told them to wait in the bedroom while he went to look for a police officer, so that he could get permission to take them out of the house.

12. Mr. Burley started walking back towards the front door, but was surprised by a uniformed police officer coming out of his living room at the other end of the hall. The police officer saw Mr. Burley, and then immediately drew his gun and ordered him to stop where he was and put up his hands.

13. Mr. Burley did as he was told. He stopped and put his hands against the wall. He explained to the police officer (who has since been identified as defendant Robert Vasta) that he lived in the house and was trying to get his children out of there. Officer Vasta ignored the explanation and ordered plaintiff to get on the floor.

14. Mr. Burley kept his hands on the wall and invited defendant Vasta to check his identification, so that he could see who he was. Officer Vasta, however, continued to shout at the plaintiff, cursing at him and telling him that he would be shot if he did not obey.

15. At this point, one of the children, Nikita Henriquez, fifteen years old, came out of the bedroom and informed Officer Vasta who plaintiff was. She identified plaintiff as her uncle, and told Officer Vasta that he was not the person who had done the shooting. Officer Vasta ignored this, and told the girl to go back into her room. The girl repeated what she had said, and this time Officer Vasta told her to "shut up" and get back into her room. The girl complied.

16. Officer Vasta then got on his radio and called for assistance. Almost immediately, a large number of police officers ran into the house and seized plaintiff. Plaintiff was sprayed in the face with pepper spray, and thrown to the ground. As he went down, he was kicked in the face by Officer Vasta. Plaintiff was then handcuffed with his hands behind his back. During the course of his arrest, he was kicked numerous times in the face and the head by the arresting

4

officers. Plaintiff briefly lost consciousness, and was put into the police car. He was then driven to the City of Newburgh Police Department.

17. Plaintiff had suffered serious injuries to his head and face, and his face was covered with blood. Nonetheless, he was forced to sit for approximately five hours at the police station, handcuffed to a bench, before he was told what the charges were against him. His requests for medical assistance were completely ignored by the police officers present, including defendant Vasta. Finally, plaintiff was informed that he was being charged with obstruction of governmental administration and resisting arrest. He was given an appearance ticket and told that he could leave.

18. Mr. Burley was subsequently forced to undergo a defense of the criminal charges against him. After a bench trial in June, 2005, plaintiff was found "not guilty" of all charges against him.

19. Mr. Burley suffered serious physical, mental, and financial injuries as a result of defendants' wrongful actions. Some of these injuries, including scarring to his head, emotional distress, and damage to his marriage, are permanent.

## FACTUAL ALLEGATIONS FOR FRANKLYN JACKSON

20. Each and every allegation set forth in Paragraphs "1" through "9" are incorporated herein by reference.

21. When plaintiffs arrived at Mr. Burley's residence, plaintiff Franklyn Jackson stayed outside of the house. Standing near the front door, looking into the house, Mr. Jackson could hear Mr. Burley talking to the ambulance technicians and to his children. He then heard the whole exchange between Mr. Burley and Officer Vasta.

22. Moments after Officer Vasta radioed for assistance, Franklyn Jackson heard footsteps behind him. Before he could turn around to see who it was, he was struck hard on the right side of his face. He was then grabbed by the jacket and neck and was thrown to the ground.

23. When Mr. Jackson hit the ground he could see a number of uniformed police officers around him. He was then kicked several times in the ribs on both sides of his body, and somebody put their foot on his neck as he lay face down on the ground. He was then handcuffed. After several minutes, he was thrown into a police car and taken to the Newburgh Police Station.

24. Mr. Jackson asked repeatedly what he had been arrested for, but was not told. When he got to the police station he was handcuffed to a bench. After sitting there for three to four hours, he was told that he was not under arrest, but that he was a "material witness" for a criminal investigation. He then asked if he was free to leave, but received no answer. Mr. Jackson also complained repeatedly about the tight handcuffs, but the arresting officer told him that they had to be tight. Mr. Jackson's requests for medical attention were also ignored.

25. Finally, plaintiff was told that he had indeed been arrested, and would be charged with disorderly conduct. He was arraigned several hours later and released on his own recognizance.

26. Plaintiff was forced to undergo a criminal proceeding, and was found "not guilty" of disorderly conduct after a bench trial in Newburgh City Court in June, 2005.

27. Plaintiff suffered serious physical and mental injuries as a result of the wrongful actions of the defendants. His physical injuries included a lump on his forehead; bruising and swelling on the right side of his face; bruised ribs on both sides of his body; and bruised and swollen wrists. Mental injuries included outrage and humiliation at being beaten and arrested by police officers, including arresting officer Nicholas Cardinale; lasting feelings of depression,

emotional upset, hopelessness, flashbacks, unreasonable fear of police officers, inability to concentrate, and a diminution of the pleasure of living.

## FEDERAL CAUSES OF ACTION

28. Each and every allegation set forth in Paragraphs "1" through "27" is incorporated herein by reference.

29. The above-described actions and omissions, engaged in under color of state authority by defendants, including defendant City of Newburgh, responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiffs of the rights secured to them by the Constitution of the United States, including, but not limited to:

    a. their Fourth Amendment right to be free from false arrest and false imprisonment;

    b. their Fourth Amendment right to be free from excessive force utilized during the course of an arrest; and

    c. their Fourth Amendment right to be free from malicious criminal prosecution.

## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

30. The aforesaid event was not an isolated incident. The City of Newburgh has been aware for years (from lawsuits, notices of claim and complaints filed with the City of Newburgh Internal Affairs office) that many of its police officers are insufficiently trained with respect to the laws of false arrest/false imprisonment and malicious prosecution. The City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such

notice, the City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiffs' civil rights.

31. The City of Newburgh is also liable because it has been on notice that the defendant police officers lack the objectivity, temperament, maturity, and discretion to be members of the City of Newburgh Police Department. Despite such notice, the City has retained the individual defendants as police officers. This conduct amounted to negligence and deliberate indifference to the rights of citizens such as the plaintiff.

32. The City of Newburgh is also liable under the doctrine of vicarious liability because the individual defendants were acting within the scope of their employment at the time of the alleged actions.

## ATTORNEY'S FEES

33. Plaintiffs are entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988.


WHEREFORE, plaintiffs each demand the following relief, jointly and severally, against all defendants:

      a. Compensatory damages in the amount to be determined at trial;

      b. Punitive damages in the amount of to be determined at trial;

      c. Attorneys' fees pursuant to 42 U.S.C. 1988; and

      d. Such other and further relief as to the Court seems just and proper.

DATED:    Tuxedo, NY
April 19, 2007

Respectfully,

**COBB & COBB**

By: *John Cobb*
JOHN COBB (JC 9884)
Attorneys for plaintiffs
233 Route 17, #5
Tuxedo, NY 10987
(845) 351-5612

Index No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE RUBLEY and FRANKLYN JACKSON,

Plaintiffs,

-against-

THE CITY OF NEWBURG, POLICE OFFICER
ROBERT VASTA, POLICE OFFICER NICHOLAS
CARDINALE and UNKNOWN POLICE OFFICERS 1-X,

Defendants.

COMPLAINT

COBB & COBB
Attorneys for Plaintiff
35 Route 17, #5
Tuxedo, NY 10987
(845) 371-5614