# COBB & COBB
ATTORNEYS AT LAW

724 BROADWAY, NEWBURGH, NY 12550<br>
TEL: (845) 351-5612   FAX: (845) 565-1035<br>
EMAIL: COBBLAW@AOL.COM

February 15, 2008

Hon. Stephen C. Robinson
United States District Court
300 Quarropas St., Room 633
White Plains, NY 10601

  Re: Lawrence Burley, et al. v. City of Newburgh, et al.
     Case No. 07-CV-3336 (SCR)

Your Honor:

  I represent plaintiffs in the above case. I write to the Court in order to request relief pursuant to F.R.C.P. Rule 37 and the local civil rules of this Court.

Facts

  Plaintiffs have brought a §1983 suit against the City of Newburgh and City of Newburgh police officers Robert Vasta and Nicholas Cardinale, alleging causes of action for false arrest, excessive force, and malicious prosecution. Plaintiffs have also asserted Monell liability against the City of Newburgh for creating and enforcing a policy or practice of abusive police procedures, which wrongful procedures were the proximate cause of plaintiffs' constitutional and bodily injuries.

  On August 29, 2007, plaintiffs made a document demand to defendants. (Exhibit "1", annexed hereto.) Among the demands were "all documents which relate to any disciplinary actions, civilian complaints, or civil or criminal actions taken or commenced" against defendants Nicholas Cardinale and Robert Vasta while they worked in their capacity as employees of the City of Newburgh. (Exh. "1", paragraphs 7 and 8)

  On December 19, 2007, defendants responded with blanket objections, and stated that the demand was "overbroad" in time and scope, that the disciplinary records were "confidential", and that any records "need only be produced after *in camera* inspection by the Court after the parties agree on a confidentiality order." (Exhibit "2", paragraphs 7 and 8)

# COBB & COBB

Hon. Stephen C. Robinson
February 13, 2008
Page 2


My office subsequently contacted defense counsel, David Posner, on several occasions, by letter and telephone, in an attempt to resolve this issue. Although plaintiffs do not agree that the requested documents are protected by any sort of privilege, I did agree to execute a confident-iality stipulation if it would result in expedited production of the requested documents. In fact, I
drafted a confidentiality stipulation and sent it to Mr. Posner for his review on February 5, 2008. The proposed stipulation called for the production of all substantiated allegations of misconduct, whether or not related to the causes of action alleged in the complaint, and all unsubstantiated complaints if they related to use of excessive force or false arrest. I also requested that any documents not produced should be described in a privilege log, pursuant to F.R.C.P. Rule 26.

Neither the confidentiality stipulation has been signed, nor have the requested documents been produced, however, and plaintiffs respectfully make this request for an order compelling production of same.


<u>The Law</u>

Rule 26 of the Federal Rules of Civil Procedure permits parties to request any documents "that are relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discover of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1).

The Federal Rules also clearly state the procedure to be followed if there is a claim of privilege or confidentiality:

> "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." F.R.C.P. Rule 26 (b)(5)

# COBB & COBB

Hon. Stephen C. Robinson
February 13, 2008
Page 3

  Here, defendants have not complied with the plain language of Rule 26 in that they have not provided plaintiffs with the requested documents nor a description of the documents being withheld.  Plaintiffs have no way of knowing what the documents may be, and are therefore unable to "assess the applicability" of the claim of confidentiality.

  The question of the privilege log, however, is not even relevant, because plaintiffs are clearly entitled to the requested documents.  This Court and others have repeatedly held that police disciplinary records are subject to disclosure in §1983 actions such as these.  <u>King v. Conde</u>, 121 F.R.D. 180 (E.D.N.Y. 1988), for example, held that, when invoking claims of privilege for police disciplinary records, "The police must make a substantial threshold showing that there are specific harms likely to accrue from disclosure of specific materials" and "if the court finds the defendant has not satisfied its threshold burdens, direct disclosure is in order. If the threshold burdens are met, the court may then review the materials at issue in camera and decide which, if any, to withhold from disclosure."  <u>Id.</u> at 189, citing <u>Kerr v. United States District Court</u>, 426 U.S. at 405-06, ("Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters.")  The holding in <u>King</u> has been widely cited and followed by this Court and others.  <u>Torres v. City of New York</u>, Case no. 04 Civ. 3311 (S.D.N.Y. 5-3-2007) (police records without redactions ordered produced), <u>Andrews v. Cruz</u>, Case no. 04 Civ. 0566 (S.D.N.Y. 2006) (corrections officers), <u>Kitevski v. City of New York</u>, Case no. 04 Civ. 7402 (S.D.N.Y. 2006) (disciplinary records ordered produced with sanctions).

  The defendants' disciplinary histories are clearly relevant to the causes of action in this case, because plaintiffs are alleging lack of proper training, a policy and practice of allowing or encouraging excessive force to be used against residents of the City of Newburgh, and a knowledge on the part of the City of Newburgh that the defendants were not fit for duty.  Their disciplinary histories, and any complaint history against them, are vital to a determination of fitness for duty and a determination of <u>Monell</u> liability on the part of the municipality.

  Rule 37 of the Federal Rules of Civil Procedure permits this Court to order the defendants to produce the requested documents and, in addition, to order sanctions against the defendants.  Plaintiffs are not seeking sanctions at this point, but feel that their document demands are entirely appropriate and that defendants should be ordered to comply with same.

# COBB & COBB

Hon. Stephen C. Robinson
February 13, 2008
Page 4

### Conclusion

    Based upon the above points and authorities, this Court should order the defendants to either provide the requested documents to plaintiffs or, in the alternative, to provide a detailed privilege log describing the documents and the specific reasons for the claim of privilege so that plaintiffs (and the Court, if necessary) can properly evaluate the claims of privilege.

    Thank you for your consideration of this request.

                                      Sincerely,

                                      JOHN COBB (JC 9884)

JC/ssc
Encl:   Exhibits 1 and 2
cc:     David L. Posner, Esq.

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

LAWRENCE BURLEY and FRANKLYN        07-CV-3336 (SCR)
JACKSON,

                              Plaintiffs,      **PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

-against-

THE CITY OF NEWBURG, POLICE OFFICER
ROBERT VASTA, POLICE OFFICER
NICHOLAS CARDINALE and UNKNOWN
POLICE OFFICERS 1-5,

                              Defendants.
_____x

PROPOUNDING PARTY:    Plaintiffs

RESPONDING PARTY:     Defendants City of Newburgh, Robert Vasta, Nicholas Cardinale

SET NO.:                     One

      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2, 26.3, and 33.3 of this Court ("Local Rules"), plaintiffs Lawrence Burley and Franklyn Jackson ("plaintiffs") hereby request that defendants herein serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below, at the offices of Cobb & Cobb at 724 Broadway, Newburgh, New York 12550, within 30 days after service hereof. These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of

which may be required pursuant to Rule 26(e) of the Federal Rules, defendants shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

2. As used herein, the term "incident" refers to the events described in the complaint.

3. As used herein, the phrase "identify all persons" refers to the full name, address, and contact information for such persons.

## INTERROGATORIES

1. Identify the police officer(s) who arrested plaintiff Lawrence Burley on or about March 11, 2005.

2. Identify the police officer(s) who arrested plaintiff Franklyn Jackson on or about March 11, 2005.

3. Identify any and all individuals, including employees of the City of Newburgh or civilian witnesses or other third parties, who have personal knowledge of the arrest incident.

4. Identify any individuals, including civilian witnesses, who were interviewed by the City of Newburgh Police Department in connection with the arrests or subsequent criminal prosecution of plaintiffs herein.

## DOCUMENT DEMANDS

1. Produce all documentation, photographs, and audio and/or visual material in defendants' custody regarding the incident.

2. Produce all files, if any, generated or maintained by THE CITY OF NEWBURGH POLICE DEPARTMENT regarding plaintiffs' arrests and/or subsequent criminal prosecution.

3. Produce all files, if any, generated or maintained by THE CITY OF NEWBURGH regarding plaintiffs' arrests and criminal prosecution.

4. Produce all documents (including memo book entries, interview reports, arrest reports, witness statements, etc.) generated or in the custody of DEFENDANT ROBERT VASTA which relate to plaintiffs' arrests or subsequent prosecution.

5. Produce all documents (including memo book entries, interview reports, arrest reports, witness statements, etc.) generated or in the custody of DEFENDANT NICHOLAS CARDINALE which relate to plaintiffs' arrests or subsequent prosecution.

6. Produce all documents (including memo book entries, interview reports, arrest reports, witness statements, etc.) generated or in the custody of any other police officer or employee of the City of Newburgh which relate to plaintiffs' arrests or subsequent prosecution.

7. Produce all documents which relate to any disciplinary actions, civilian complaints, or civil or criminal actions taken or commenced against defendant NICHOLAS CARDINALE while he has worked in his capacity as an employee of the City of Newburgh.

8. Produce all documents which relate to any disciplinary actions, civilian complaints, or civil or criminal actions taken or commenced against defendant ROBERT VASTA while he has worked in his capacity as an employee of the City of Newburgh.

DATED: Newburgh, NY
August 27, 2007

Respectfully,

COBB & COBB

By: *John Cobb*
JOHN COBB (JC 9884)
Attorneys for plaintiffs
724 Broadway
Newburgh, NY 12550
(845) 351-5612

TO: David L. Posner, Esq.
McCABE & MACK LLP
Attorneys for Defendants
63 Washington St.
Poughkeepsie, NY 12602
(845) 486-6874

## DECLARATION OF SERVICE

I, JOHN COBB, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on August 27, 2007, I served a true copy of the annexed **PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** as follows:

[X]   by mailing the same in a sealed envelope, with postage paid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) listed below:

[ ]   by delivering the same personally to the individuals at the addresses listed below:

[ ]   Pursuant to F.R.C.P. Rule 5(b)(2)(d) and the local rules of this Court, by filing the same via Electronic Case Filing (ECF) (this is a properly designated ECF case and the attorney below is registered for service of process via electronic mail)

[ ]   by telefaxing to the telephone number _____, which number was designated by the attorney for such purpose. (I received an electronic signal indicating that the transmission was received.)

[ ]   by overnight delivery service to the individuals and at the address(es) listed below:

>   David L. Posner, Esq.
>   McCABE & MACK LLP
>   63 Washington St.
>   Poughkeepsie, NY 12602
>   Attorneys for defendants herein

Dated:   Newburgh, New York
         August 27, 2007

_____
JOHN COBB (JC9884)

# EXHIBIT "2"

7969-0046/dmf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LAWRENCE BURLEY and FRANKLYN JACKSON,

                                   Plaintiffs,

-against-

CITY OF NEWBURGH, POLICE OFFICER ROBERT
VASTA, POLICE OFFICER NICHOLAS CARDINALE, and
UNKNOWN POLICE OFFICERS 1-5,

                                   Defendants.
-------------------------------------------------------------------x

**DEFENDANTS' RESPONSE TO PLAINTIFFS' DOCUMENT REQUEST**

07 CV 3336 (SCR)

      The defendants, by their attorneys, McCabe & Mack LLP, as and for their response to plaintiffs' document request, state as follows.

      1.     Produce all documentation, photographs, and audio and/or visual material in defendants' custody regarding the incident.

      **See attached police reports.**

      2.     Produce all files, if any, generated or maintained by the City of Newburgh Police Department regarding plaintiffs' arrests and/or subsequent criminal prosecution.

      **See Response No. 1.**

      3.     Produce all files, if any, generated or maintained by the City of Newburgh regarding plaintiffs' arrests and criminal prosecution.

      **See Response No. 1.**

      4.     Produce all documents (including memo book entries, interview reports, arrest reports, witness statements, etc.) generated or in the custody of defendant Robert Vasta which relate to plaintiffs' arrests or subsequent prosecution.

      **See Response No. 1.**

7969-0046/dmf

5. Produce all documents (including memo book entries, interview reports, arrest reports, witness statements, etc.) generated or in the custody of defendant Nicholas Cardinale which relate to plaintiffs' arrests or subsequent prosecution.

**See Response No. 1.**

6. Produce all documents (including memo book entries, interview reports, arrest reports, witness statements, etc.) generated or in the custody of any other police officer or employee of the City of Newburgh which relate to plaintiffs' arrests or subsequent prosecution.

**See Response No. 1.**

7. Produce all documents which relate to any disciplinary actions, civilian complaints, or civil or criminal actions taken or commenced against defendant Nicholas Cardinale while he has worked in his capacity as an employee of the City of Newburgh.

> **Defendants object to this demand as over broad with respect to both subject matter and time. It also calls for confidential personnel matters which need only be produced after in camera inspection by the Court after the parties agree on a confidentiality order.**

8. Produce all documents which relate to any disciplinary actions, civilian complaints, or civil or criminal actions taken or commenced against defendant Roberta Vasta while he has worked in his capacity as an employee of the City of Newburgh.

> **Defendants object to this demand as over broad with respect to both subject matter and time. It also calls for**

7969-0046/dmf

> confidential personnel matters which need only be produced after in camera inspection by the Court after the parties agree on a confidentiality order.

DATED: Poughkeepsie, New York
December 19, 2007

Yours, etc.

McCABE & MACK LLP

By: _____
David L. Posner (0310)
*Attorneys for Defendants*
63 Washington Street
P.O. Box 509
Poughkeepsie, NY 12602-0509
Tel: (845) 486-6800

TO: COBB & COBB
*Attorneys for Plaintiffs*
724 Broadway
Newburgh, NY 12550